UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT HEMMINGER,

VERSUS

SANDERS MOBILE HOMES, PARTS
SALES & SERVICES, INC.,
CASTLEROCK MORTGAGE GROUP
OF LA, L.L.C., FALDETTA APPRAISAL
SERVICES, L.L.C., MARK FALDETTA,
and ARTHUR N. NELSON

CIVIL ACTION

11-406-JJB-SCR

# **RULING ON DEFENDANTS' MOTIONS TO DISMISS**

This matter is before the Court on motions to dismiss filed by Defendants Faldetta Appraisal Services, L.L.C., Mark Faldetta (together "Faldetta"), and Arthur N. Nelson ("Nelson") (docs. 21 and 24), two of the named Defendants in this suit. These same defendants filed identical motions earlier, before Plaintiff Robert Hemminger ("Hemminger") was permitted leave to file an Amended Complaint (doc. 20). Numerous briefs were filed both before and after the Amended Complaint ("AC"). As the federal Truth in Lending Act is at issue the Court has jurisdiction under 28 U.S.C. § 1331. Oral argument is not necessary. For the following reasons, the motions are DENIED and Plaintiff has 14 days to amend his complaint as provided herein.

Plaintiff bought a manufactured house and land from Defendant Sanders Mobile Homes ("Sanders") for $121,600. Plaintiff obtained financing from Defendant Castlerock Mortgage ("Castlerock"), he alleges he was "steered" to

Castlerock by a Sanders employee. (Doc. 12-2 at 1). Castlerock in turn hired Faldetta Appraisal Services to appraise the property. Mark Faldetta performed the appraisal with Arthur Nelson signing off as a supervising appraiser. The appraisal valued the property at $122,400. Based on this appraisal, Castlerock secured a first mortgage on the property for $124,080. There were other fees charged about which Plaintiff complains that are not relevant to the present motion. After moving into the property, Plaintiff became aware of certain problems with the home as well as the water and sewage systems that were installed on the property. Plaintiff made a formal demand on Sanders to remedy the deficiencies. After he received no response, he filed suit for violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), appraisal fraud, violation of the Truth in Lending Act, and for rescission of the sale. Castlerock removed based on federal question jurisdiction. Nelson and Faldetta filed separate motions to dismiss and alternate motions for a more definite statement.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50. Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief. *Id.* at 1950. Courts may consider not only the complaint itself, but also documents attached to the complaint or documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). The facts in the complaint are viewed collectively, not scrutinized in strict isolation. *Id.*

Plaintiff seeks to recover against Faldetta and Nelson for appraisal fraud and unfair trade practices. The Court first will look at the claim for appraisal fraud. Under Louisiana law, the elements of fraud are: (1) a misrepresentation of material fact; (2) made with the intent to deceive; (3) the misrepresentation was made to obtain some unjust advantage or to cause loss or inconvenience to the other; (4) causing justifiable reliance with resulting injury. See La. Civ. Code art. 1953; *Systems Engineering and Sec., Inc., v. Science & Engineering Assoc., Inc.*, 962 So. 2d 1089, 1091 (La. 4 Cir. 2007). After separating the conclusory allegations, the Court finds there are not enough factual allegations remaining to state a claim for fraud. First, Faldetta appraised the property at a value of $122,400. A.C. at ¶ 10. They knew the property was worth approximately

3

$30,000 less than they appraised it for. *Id.* at ¶ 21. Second, Faldetta and Nelson knew Plaintiff would probably rely on this valuation. *Id.* at ¶ 21(c). Further, Plaintiff relied on the appraisal and was injured in that he now owns property valued at $90,000 on which he owes $124,080. Id. at ¶ 21(d). At this point in the proceedings, this is enough to satisfy the first, second and fourth elements. However, it is the third element that lacks factual support. Specifically, Plaintiff does not allege that these Defendants overvalued the property in order to gain an unjust advantage or to cause loss or inconvenience to Plaintiff. The fact that they made $450 and then another $100 at closing does not show an unjust advantage. If Plaintiff is alleging the money was in payment for an inflated appraisal or that Faldetta was only hired to do the appraisal because they would give an inflated appraisal he needs to say so. As this allegation is not in the Amended Complaint, he has 14 days to amend his complaint to do so. Defendants are then free to file another motion to dismiss if they feel he has not stated a claim as to either or both of them.

Next, Faldetta and Nelson wonder as to whether Plaintiff intended to bring a claim for conspiracy and breach of contract. If he has, they claim Plaintiff has not properly alleged these claims. (Doc. 13-1 at 7-9). Plaintiff does not address these claims regarding these Defendants in his opposition. Therefore, the Court assumes he did not intend to bring these claims in the first place. As such, he may not add them on his next amended complaint.

Finally, Faldetta and Nelson argue that Plaintiff has failed to state a LUTPA claim and, even if he has, it is perempted. (Doc. 13-1 at 6). The Court disagrees on both fronts.

First, while Defendants are correct that LUTPA claims are subject to a one-year peremptive period that begins to run "from the time of the transaction or act which gave rise to this right of action," they have identified the wrong act or transaction. La. R.S. 51:1409(E). Defendants contend that the date of the appraisal, April 7, 2010, is the act that gave rise to the LUTPA claim while Plaintiff counters it is the date of closing, June 9, 2010, that starts the clock. The court agrees with Plaintiff that it is the collective actions of the defendants, which culminated at the closing, that give rise to the right of action. Therefore the date of the closing starts the peremptive period for the LUTPA claim. As that is June 9, 2010 and the suit was filed May 31, 2011, the claim is not perempted.

As for the substance of the claim, the Defendants note that it is similar to a fraud claim and claim that the LUTPA claim falls short for the same reasons as does the fraud claim. The Court agrees for the same reasons as above and will dismiss the claim without prejudice to allow Plaintiff leave to amend the claim to allege how these Defendants sought to gain an unjust advantage or to cause loss to the Plaintiff by its overvalued appraisal.

For these reasons, the Defendants' motions (docs. 21 and 24) are denied. Plaintiff has fourteen (14) days from the date of this ruling to amend his complaint

regarding his appraisal fraud and LUTPA claims relating to these Defendants. The previous motions to dismiss (docs. 12 and 13) are terminated as they were superseded by the current motions.

Signed in Baton Rouge, Louisiana, on May 18, 2012.

                         _____
                         **JUDGE JAMES J. BRADY**
                         **UNITED STATES DISTRICT COURT**
                         **MIDDLE DISTRICT OF LOUISIANA**